**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RUBEN URIAS-BOJORQUEZ,

    Defendant-Appellant.

No. 05-3356
(D.C. No. 04-CR-20121-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY, McKAY,** and **GORSUCH**, Circuit Judges.

---

After a jury trial, Ruben Urias-Bojorquez was convicted of possession with

intent to distribute 500 grams or more of methamphetamine, *see* 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A)(viii), and sentenced to 200 months in prison. On

appeal, Mr. Urias-Bojorquez raises but a single complaint, contending that the

district court failed to conduct a hearing pursuant to Federal Rule of Criminal

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Procedure 44(c)(2) regarding the propriety of his joint representation with co-defendant Mario Castro-Hernandez.[1]

In *United States v. Burney*, 756 F.2d 787 (10th Cir. 1985), we held that the Sixth Amendment "does not require a [district] court to initiate an inquiry" under Rule 44(c) where, as here, "no party either objects to multiple representation or raises a conflict issue." *Id*. at 791. We further held that a defendant who fails to seek a Rule 44(c) inquiry from the district court but who, again as here, nonetheless seeks on appeal to complain about the lack of such a hearing "'must demonstrate that an actual conflict of interest adversely affected [the] lawyer's performance'" in order to prevail. *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). That is, we will not presume a conflict of interest arising from the mere fact of joint representation; before reversal is warranted, the defendant must show that a real conflict existed *and* that this conflict adversely impacted the lawyer's trial court performance. A more lenient rule would reward parties who wait until appeal before raising joint representation concerns, and might even encourage such conduct.

---

[1] Rule 44(c) provides that where two defendants are jointly represented, "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed R. Crim. P. 44(c)(2). Under Rule 44(c), joint representation occurs when "two or more defendants have been charged jointly under Rule 8(b) . . . and . . . the defendants are represented by . . . counsel who are associated in law practice." Fed R. Crim. P. 44(c)(1).

Mr. Urias-Bojorquez fails to satisfy the rule set forth in *Burney* and *Cuyler*. He notes that he was represented in proceedings before the district court by retained counsel, Mr. Dale Lovelace, and that his co-defendant, Mr. Castro-Hernandez, was represented by Mr. Joseph Kania. Mr. Urias-Bojorquez further notes (and the government does not dispute) that Mr. Lovelace and Mr. Kania share a business address and a fax number, although they apparently have different telephone numbers. It is undisputed as well that the two attorneys filed their clients' pretrial pleadings jointly, though any period of joint representation ended prior to trial when Mr. Castro-Hernandez pled guilty.

Even assuming without deciding that these few threadbare facts might be sufficient to suggest a form of joint representation sufficient to entitle a defendant to request and receive a Rule 44(c) inquiry in the first instance, they fail to suggest the existence of an "actual conflict of interest [that] adversely affected [the] lawyer's performance" sufficient to warrant reversal under the terms of *Cuyler* and *Burney*. We are directed to no evidence suggesting that Mr. Urias-Bojorquez's attorney provided anything other than an aggressive defense. Counsel is not alleged, for example, to have advocated a position contrary to his client's innocence. Nor is he alleged to have conceded any issues that benefitted the co-defendant at Mr. Urias-Bojorquez's expense. Quite to the contrary, counsel appeared to try to exculpate his client at trial by pinning blame for the crime on Mr. Castro-Hernandez. Given these facts, we are constrained to find

that no reversible error exists under our precedents or those of the Supreme Court.

Accordingly, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge