**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN URIAS-BOJORQUEZ,

Defendant-Appellant.

No. 08-3353
(Case No. 07-CV-02479-CM)
(D. Kan.)

**ORDER**[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Appellant, a federal prisoner represented by appointed counsel, seeks a certificate of appealability to appeal a ruling made by the district court in an evidentiary hearing on Appellant's § 2255 habeas petition. Specifically, Appellant claims that the court erred by refusing to allow habeas counsel to present testimony regarding a potential claim of ineffective assistance of counsel that had not been raised in Appellant's habeas petition but had come to light in the course of counsel's investigation.

A jury found Appellant guilty of possessing 50 grams or more of

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

methamphetamine with intent to distribute, and he was sentenced to 200 months in prison. His conviction was affirmed by this court on direct appeal. *See United States v. Urias-Bojorquez*, 205 F. App'x 706 (10th Cir. 2006). In his habeas petition, Appellant claimed that his trial counsel provided ineffective assistance by (1) failing to communicate a proposed plea agreement, (2) failing to advise him of his right to testify, and (3) failing to challenge the jury selection process. The district court denied § 2255 relief as to the second and third claims but ordered an evidentiary hearing and appointed counsel for the first claim.

Prior to the evidentiary hearing, habeas counsel investigated trial counsel's representation of Appellant. In the course of this investigation, trial counsel allegedly informed the investigator that he believed he had erred by failing to call Appellant's co-defendant to offer exculpatory testimony at Appellant's trial. At the evidentiary hearing, habeas counsel sought to elicit testimony from trial counsel about this issue, but the court sustained the government's objection and held that this line of questioning was not relevant to the issue before the court. The hearing proceeded with evidence regarding the original claim presented in the habeas petition, which the court subsequently denied.

Appellant seeks to appeal only the district court's refusal to allow habeas counsel to present testimony regarding trial counsel's failure to call Appellant's co-defendant to testify. To obtain a certificate of appealability, Appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). In order to meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

As the government pointed out at the hearing, Appellant never sought to amend the pleadings to raise this new issue, nor did he inform the court or the government that he intended to use the evidentiary hearing to explore issues other than the ones previously raised in the habeas petition. Furthermore, on the merits of the potential claim of ineffective assistance, the record reflects that trial counsel attempted to present exculpatory testimony from Appellant's co-defendant at Appellant's sentencing proceeding but was unable to do so because the co-defendant asserted his Fifth Amendment rights, suggesting that the co-defendant would not likely have testified at Appellant's trial in any event. Under these circumstances, we conclude that reasonable jurists would not debate whether the district court abused its discretion by denying the admission of the contested evidence, nor would they debate whether the issues presented deserved encouragement to proceed further. We therefore **DENY** Appellant's request for a

certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge